```
                  IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF PENNSYLVANIA


TRUSTEES OF THE NATIONAL          :    CIVIL ACTION
ELEVATOR INDUSTRY PENSION,        :
HEALTH BENEFIT, EDUCATIONAL,      :
ELEVATOR INDUSTRY WORK            :
PRESERVATION FUNDS, et al.        :
                                  :
     v.                           :
                                  :
CENTURY ELEVATOR, INC.,           :
et al.                            :    NO. 11-3792
```

MEMORANDUM

McLaughlin, J.                                      October 11, 2011

        This is an action by trustees of various National Elevator Industry benefit and trust funds (the "Trust Funds") to recover unpaid contributions to an employer benefit fund, amounts found due in an audit, plus costs, interest, attorney's fees, and liquidated damages pursuant to the Employee Retirement Income Security Act ("ERISA").  Pending before the Court is the plaintiffs' motion for default judgment.  As the defendants have yet to appear or defend in this action, the motion is unopposed.  For the reasons that follow, the Court will grant the motion.

I.    Procedural History

        The trustees filed this action on June 10, 2011 against defendants Century Elevator, Inc. and John M. Powers.  The complaint brings ERISA claims against Century Elevator to recover unpaid monthly contributions, amounts due from an audit,

costs, interest, attorney's fees, and liquidated damages.  The trustees also seek an injunction requiring timely reports and contributions to the Trust Funds.  The complaint also brings a claim against John Powers for breach of fiduciary duty pursuant to section 409 of ERISA, 29 U.S.C. § 1109(a).

The record shows that although the defendants were duly served on June 17, 2011, they have not appeared, answered, moved, or otherwise responded to the complaint.  On July 12, 2011, the Clerk of Court entered a default against the defendants.  The plaintiffs now move for default judgment pursuant to Fed. R. Civ. P. 55(b).

II.  Factual Background[1]

The plaintiffs are trustees of the Trust Funds, which are multi-employer employee benefit plans established pursuant to sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3), (7). Century Elevator is a Massachusetts corporation transacting business as a contractor or subcontractor in the elevator industry.  John Powers is Century Elevator's officer, president, and owner.  Complaint ¶¶ 2-4.

---

[1] Because this is a motion for default judgment, the Court accepts as true any factual allegations, other than those as to damages, contained in the complaint.  DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 n.6 (3d Cir. 2005).

Century Elevator, by its president John Powers, signed a Collective Bargaining Agreement ("CBA") with the International Union of Elevator Constructors (the "Union") on July 9, 2002. The CBA binds Century Elevator to the terms of the various agreements and declarations of trust establishing the Trust Funds, and amendments thereto (hereinafter the "Trust Agreements"). Complaint, Ex. 1 (hereinafter "CBA") §§ 3-7. Under the CBA and the Trust Agreements, Century Elevator is obligated to file monthly reporting forms with the trustees indicating the number of hours worked by employees covered by the CBA. For each hour worked, Century Elevator must pay certain sums of money at set hourly contribution rates into the Trust Funds. Id. §§ 3-7; Pls.' Resp. to Court Request for Prod. of Docs., Ex. 2 (hereinafter "Trust Agreements"), Eighth Amend., Art. VI ¶ 4. These contributions finance the Trust Funds and provide pension, medical, and educational benefits to the defendants' elevator constructor mechanics and apprentices.

The Trust Agreements state that if the trustees must file suit to collect amounts due to the Trust Funds, the trustees "shall seek liquidated damages in the amount of twenty percent (20%) of contributions due at the time the lawsuit is filed," as well as interest, costs, and attorney's fees. Trust Agreements, Eighth Amend., Art. VI ¶ 6. Under the Trust Agreements, interest on monies due will be at the rate charged by the Internal Revenue

Service at the time of delinquency.  Id.  In addition, any participating employer may be audited.  In the event an audit discloses unpaid contributions of five percent or more of contributions due during the audit period, the Trust Agreements provide for assessment of audit costs against the employer.  Id., Eighth Amend., Art. VI ¶ 8.

Century Elevator reported but failed to remit contributions for the months of September 2010 and February through May 2011.  Although the parties entered into a Settlement Agreement regarding the delinquent monthly contributions, a balance still exists in the amount of $35,212.89, plus interest.  Mot. for Default Judgment, Ex. 2 ("Betts Aff.") ¶¶ 6-7.  Furthermore, an audit of Century Elevator for the period of January 1, 2007 through March 31, 2009, revealed that Century Elevator owed under-reported contributions and interest, for which a balance of $4,896.74 exists.  Id. ¶ 10.  Lastly, Century Elevator owes interest for the late payment of contributions for the months of August 2010 through and including May 2011 in the amount of $499.30.  Id. ¶ 11; id., Ex. 6 (Misc. Assessments Report).

III. Analysis

    A.    Counts I & II: Delinquent Contributions & Equitable Relief against Century Elevator

Under section 1145 of ERISA, every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall make such contributions in accordance with the terms of the plan or agreement.  29 U.S.C. § 1145.  Section 1132(g)(2)(E) authorizes equitable relief in actions to enforce section 1145.  See Trustees of the Nat'l Elevator Indus. Pension, Health Ben., Educ., Elevator Indus. Work Pres. Funds v. Gateway Elevator, Inc., No. 09-4206, 2011 WL 2462027, at *4 (E.D. Pa. June 21, 2011).  Furthermore, ERISA provides that in any action by a fiduciary against delinquent employer contributors in which judgment in favor of the plan is awarded, the court shall award the plan:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of -
>     (i)  interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2) (emphasis added).  Section 1132(g) also provides that interest on unpaid contributions shall be

determined by using the rate specified by the plan, or, if none, the rate prescribed.

Here, the facts set forth above demonstrate that Century Elevator and the Union entered into a CBA that required remittance of monthly contributions. They show that Century Elevator has breached the CBA, is delinquent on contributions for September 2010 and February through May 2011, and owes amounts found due in an audit for the period of January 1, 2007 through March 31, 2009. Furthermore, the Trust Agreements provide for liquidated damages in the amount of twenty percent of the contributions due at the time the lawsuit is filed and set the interest rate for delinquent contributions at the IRS rate. Trust Agreements, Eight Amend., Art. VI ¶ 6. The Court therefore finds that the plaintiffs are entitled to the unpaid monthly contributions, amounts due on the audit, liquidated damages in the amount of twenty percent, interest according to the IRS interest rate, attorney's fees, and costs. Furthermore, the Court finds that the equitable relief requested is appropriate here, as in Gateway Elevator.

  B.   Count III: Breach of Fiduciary Duty against John Powers

A fiduciary is personally liable for a breach of fiduciary duty under ERISA, 29 U.S.C. § 1109(a). In Count III, the trustees seek to hold individual defendant Powers personally

liable as a fiduciary of the Trust Funds under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). The Court finds that the plaintiffs have alleged sufficient facts to hold Powers liable as a fiduciary.

        1.   <u>Defendant Powers as a Fiduciary</u>

Under ERISA, 29 U.S.C. § 1002(21)(A), a person is a fiduciary to the extent:

> (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets,
>
> (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or
>
> (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

The statutory definition requires that a fiduciary "must be someone acting in the capacity of manager, administrator, or financial advisor to a plan." <u>Pegram v. Herdrich</u>, 530 U.S. 211, 222 (2000) (internal quotations omitted). The statute uses different criteria in imposing fiduciary obligations for each of these three roles.

In this case, the applicable provision is § 1002(21)(A)(i) because plaintiffs seek to hold Powers liable as a manager, not an administrator or financial advisor. <u>See</u> <u>Bd. Of Trustees of Bricklayers and Allied Craftsmen Local 6 of N.J.</u>

Welfare Fund v. Wettlin Assocs., Inc., 237 F.3d 270, 272 (3d Cir. 2001) (hereinafter Bricklayers).  "Fiduciary status attaches to a person managing an ERISA plan under subsection (i) of § 1002(21)(A) if that person exercises discretion in the management of the plan, or if the person exercises any authority or control over the management or disposition of the plan's assets."  Srein v. Frankford Trust Co., 323 F.3d 214, 220-21 (3d Cir. 2003) (emphasis in original).

Lower courts have used a two-part test to determine whether fiduciary liability attaches to individuals: (1) unpaid contributions must be "plan assets," and (2) the individual must either exercise discretion in the management of the plan or exercise any authority or control over the plan assets.  See Gateway Elevator, 2011 WL 2462027, at *5 n.6; see also Teamsters Health and Welfare Fund v. World Trans., Inc., 241 F. Supp. 2d 499, 505 (E.D. Pa. 2003) (citing Curcio v. John Hancock Mut. Life Ins. Co., 33 F.3d 226, 233 (3d Cir. 1994)).[2]

---

[2] The difference between the second prong of the test as set forth in Teamsters and Gateway Elevator is whether discretion is required.  The Third Circuit has stated that one need not have discretion in exercising authority or control over the management or disposition of plan assets in order to qualify as a fiduciary under § 1002(21)(A)(I).  In re Mushroom Transp. Co., Inc., 382 F.3d 325, 346 (3d Cir. 2004); Srein, 323 F.3d at 220-21;  Bd. Of Trs. Of Bricklayers and Allied Craftsmen Local 6 of New Jersey Welfare Fund v. Wettlin Assocs. Inc., 237 F.3d 270, 273-74 (3d Cir. 2001) (stating that Congress established a lower threshold for fiduciary status where control of assets is at stake).

The plaintiffs here have met their burden as to both prongs against Powers.

### a.   Plan Assets

The record here supports a finding that the unpaid contributions are plan assets.  ERISA regulations define "plan assets" as amounts that a participant pays to an employer, or amounts that a participant has withheld from his wages by an employer.  29 C.F.R. § 2510.3-102(a)(1).  Here, the CBA provides that Century Elevator shall deduct wages from plan participants at an hourly contribution rate and deposit the contributions into the Trust Funds.  CBA §§ 3-7.

Furthermore, the CBA specifically states: "Title to all the monies paid into and/or due and owing to [the Trust Funds] shall vest in and remain exclusively in the Trustees of said Funds, respectively."  CBA § 7.  In a case brought by the same plaintiff trustees based on a similar CBA against a different elevator company, Judge Pratter held that this exact language supported a finding that the unpaid employer contributions were plan assets. Gateway Elevator, 2011 WL 2462027, at *5; see also Galgay v. Gangloff, 677 F. Supp. 295, 301 (M.D. Pa. 1987) (finding that unambiguous language stating that title to monies "due and owing" shall be vested in the fund made delinquent employer contributions plan assets).

Thus, the CBA in this case supports a finding that the unpaid contributions are plan assets.

### b. Authority or Control

The plaintiffs have also demonstrated that Powers exercises authority or control over the disposition of the plan assets.

In Gateway Elevator, Judge Pratter found that the plaintiffs demonstrated that an individual exercised authority or control because he was (1) responsible for authorizing the checks for the payment of employee contributions and settlement funds to the Trust Funds; (2) he signed every check that made payments to the Trust Funds in the relevant time period; (3) he is the president, only board member, registered agent, and 100 percent shareholder, as well as signatory to the CBA and settlement agreements. 2011 WL 2462027 at *5.

By contrast, in Teamsters, the Court found that the individual defendant did not exercise discretionary control over plan assets because he was only minimally involved with fund contribution procedure. In that case, the human resources department would calculate fund contributions, request a check from the financial department, and have an officer sign the check. The defendant in Teamsters only occasionally signed company checks; other officers and departments handled the

contributions and the relationship to the funds. 241 F. Supp. 2d at 506.

In this case, the complaint sets forth the following with respect to Powers's authority and control over Century Elevator: (1) Powers is officer, president, and owner of Century Elevator; (2) Powers signed the CBA on behalf of Century Elevator Co.; (3) Powers exercises control over Century Elevator's payroll, including decisions regarding collection and disbursement of payroll deductions authorized by the employees; (4) Powers determined the total amount of Century Elevator's monthly contributions, retained a portion of the payment that should have been sent to the Trust Funds, and chose to use the monies for other purposes; (5) Powers failed to have Century forward the monies due to the Trust Funds for the relevant time periods; (6) Powers deducted the amounts owed in contributions from employee paychecks and forwarded monthly remittance forms, yet failed to remit those amounts to the Trust Funds and deposited those amounts in Century Elevator's general accounts instead; and (7) Powers commingled plan assets with Century's general assets and used plan assets to pay other creditors. Complaint ¶¶ 4, 30, 31, 35, 38; CBA at 4.

Unlike in Gateway Elevator, the plaintiffs here have not alleged anything specific regarding Powers signing checks or being a 100 percent shareholder. However, the plaintiffs do

allege that Powers deducted amounts owed in contributions from employee paychecks, forwarded monthly remittance forms to the Trust Funds, and failed to remit the amounts due to the Trust Funds.  Furthermore, plaintiffs allege that Powers comingled plan assets with Century Elevator's general assets and used plan assets to pay other creditors.  Complaint ¶¶ 35, 38.  These facts, which the Court must accept as true, are far more specific and demonstrate more control than the individual defendant had in Teamsters.  Indeed, they demonstrate that Powers exercised authority and control over the plan assets.

  Therefore, the Court finds that Powers is a fiduciary, as defined by ERISA.


  2. Breach of Fiduciary Duties

  The plaintiffs have demonstrated that Power's conduct in the exercise of his fiduciary authority breached a defined ERISA fiduciary duty.

  To support a section 409 claim for breach of fiduciary duty, a plaintiff must show causation between the breach of fiduciary duty and the loss.  In re Unisys Savings Plan Litig., 74 F.3d 420, 445 (3d Cir. 1996).  ERISA fiduciaries are responsible for the "proper management, administration, and investment of [plan] assets, the maintenance of proper records, the disclosure of specific information, and the avoidance of

conflicts of interest." <u>Mertes v. Hewitt Assocs.</u>, 508 U.S. 248, 252 (1993) (citation omitted); <u>see also</u> <u>Renfron v. Unisys Corp.</u>, – F.3d –, 2011 WL 3630121, at *5 (3d Cir. 2011).

Here, the record adequately supports the plaintiffs' contention that Powers breached his fiduciary duties by failing to timely remit contributions to the Trust Funds. Thus, the plaintiffs are entitled to default judgment against Powers as a fiduciary.

An appropriate order shall issue separately.